UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO. 21-CR-20303-DPG

UNITED STATES OF AMERICA,

v.

JESUS TRUJILLO, KAREL FELIPE,
and TAMARA QUICUTIS,
    Defendants.
_____/

## ORDER ON FINAL PRETRIAL CONFERENCE

THIS MATTER was before the Court for the Final Pretrial Conference on September 19, 2023. All counsel and Defendants were present.

The Criminal Jury Trial will begin on Monday, September 25, 2023 at 9:00 am, and is anticipated to last two weeks. There will be no witness testimony on the first day of trial, and each party will have 30 minutes for opening statements. As discussed with Counsel, and announced at the Pretrial Conference, it is

ORDERED THAT:

A. **By Thursday, September 21, 2023,** counsel for all parties must work together to file in one document a list containing the names and identifying information (i.e., professional affiliation, area of residence) of all individuals that are anticipated to testify or may be referred to during trial. The list shall incorporate the Government's list of names that may be mentioned at trial, its Second Amended Witness List [DE 216], as well as the Witness List filed by each Defendant [DE 224; DE 330; DE 333].

B. Upon the Court's conversation with Defendant Trujillo's Pretrial Services Officer Juan Nunez, Defendant Trujillo shall be permitted to leave his residence at 6:30 am to timely arrive for his trial, from September 25, 2023 through the end of the trial.

C. **Rulings on jury instructions**

1. <u>The use of interpreters.</u> The Court will instruct the jury as requested on the use of interpreters in its Preliminary Instructions, using a modified version of the proposed instruction. It will re-emphasize the instruction in the closing instructions if needed.

2. <u>Deliberate ignorance.</u> The Government's "Deliberate Ignorance" instruction, to which Defendants object, is provisionally included, contingent on the evidence presented to support such instruction and the Final Charge Conference.

3. <u>Money laundering.</u> At Defendant Trujillo's request, the Court re-reviewed the two cases he included in his Notice of Legal Authority [DE 232] to support his two-sentence addition to the money laundering instruction on page 22 of Court's Draft #2 of the Jury Instructions.

In *McGahee*, the court did explain, "Paying for personal goods, alone, is not sufficient to establish that funds were used to promote an illegal activity..." *United States v. McGahee*, 257 F.3d 520, 527 (6th Cir. 2001). However, that statement was in the context of *promotional* money laundering, which is different from the scheme of concealment money laundering alleged in this case. The *McGahee* court did go on to also hold that the conduct of the defendant there "does not evidence a design to conceal the proceeds of illegal activity." *Id.* at 528. It stated, "The funds were transmitted in a direct, ordinary, and open manner." *Id.* That is distinguishable from the case alleged here, where the funds moved through layers of shell companies before being deposited into Defendants' personal bank accounts. DE 211 at 2, 5.

The *Christo* case also involved a scheme that is distinct from the Medicare bust-out scheme alleged in this case. In *Christo*, the Eleventh Circuit held that the check kiting scheme there failed to "establish that [the defendant] engaged in a monetary transaction that was separate from and in addition to the underlying criminal activity." *United States v. Christo*, 129 F.3d 578, 580 (11th Cir. 1997). In the case alleged here, the predicate scheme of billing Medicare through sham claims is indeed separate and apart from the movement of the proceeds from that activity through layers of shell companies afterwards.

For these reasons, Defendant Trujillo's two-sentence addition to the money laundering instruction will NOT be included in the final packet of jury instructions.

4. <u>Identification testimony.</u> The use of Defendant Trujillo's proposed "Identification Testimony" instruction, to which the Government objects, is contingent upon Defendant's showing at the Final Charge Conference that such is necessary based on the trial evidence.

5. <u>Summary evidence.</u> **By Thursday, September 21, 2023,** the parties are to confer as to the necessity of a jury instruction on the use of summary evidence, and file one, if deemed appropriate.

**DONE AND ORDERED** in Miami, Florida, this 19th day of September, 2023.

PATRICIA A. SEITZ
UNITED STATES SENIOR DISTRICT JUDGE

cc: All counsel of record
The Honorable Lisette M. Reid
Juan Nunez (USPO)