UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 21-CR-20303-DPG

UNITED STATES OF AMERICA

vs.

JESUS TRUJILLO,

    Defendant,
_____/

## SENTENCING AGREEMENT

  The United States and Jesus Trujillo (the "defendant") agree to the following:

1. On May 11, 2021, the defendant was indicted with one count of conspiracy to commit health care fraud and wire fraud (18 U.S.C. § 1349) and one count of conspiracy to commit money laundering (18 U.S.C. § 1956(h).

2. On September 25, 2023, the defendant pled guilty to the Indictment. The defendant faces a statutory maximum term of imprisonment of 40 years, along with restitution, forfeiture, a term of supervised release, a criminal fine, and a special assessment, among other sentencing options.

3. The defendant is aware that the sentence will be imposed by the Court. The defendant understands and agrees that federal sentencing law requires the Court to impose a sentence that is reasonable and that the Court must consider the Federal Sentencing Guidelines and Policy Statements (hereinafter "Sentencing Guidelines") in effect at the time of the

INITIALS 

1

sentencing in determining that reasonable sentence. The defendant acknowledges and understands that the Court will compute an advisory sentence under the Sentencing Guidelines and that the applicable guidelines will be determined by the Court relying in part on the results of a Pre-Sentence Investigation by the United States Probation Office. The defendant is also aware that, under certain circumstances, the Court may depart from the advisory Sentencing Guideline range that it has computed, and may raise or lower that advisory sentence under the Sentencing Guidelines. The defendant is further aware and understands that while the Court is required to consider the advisory guideline range determined under the Sentencing Guidelines, the Court is not bound to impose that sentence. Defendant understands that the facts that determine the offense level will be found by the Court at the time of sentencing and that in making those determinations the Court may consider any reliable evidence, including hearsay, as well as the provisions or stipulations in this Sentencing Agreement. The United States and the defendant agree to recommend that the Sentencing Guidelines should apply pursuant to *United States v. Booker*, 543 U.S. 220 (2005), and that the Sentencing Guidelines provide a fair and just resolution based on the facts of this case, and that no upward or downward departures are appropriate. The Court is permitted to tailor the ultimate sentence in light of other statutory concerns, and such sentence may be either more severe or less severe than the Sentencing Guidelines' advisory sentence. Knowing these facts, the defendant understands and acknowledges that the Court has the authority to impose any sentence within and up to the statutory maximum authorized by law for the offenses identified in paragraphs 1 and 2.

    4.  The United States and the defendant agree that, although not binding on Probation and the Court, they will jointly recommend that the Court make the following

INITIALS _JT_

findings and conclusions as to the proper Sentencing Guidelines calculation that applies to the defendant in this case:

    a. **Base Offense Level:** The guideline for a violation of 18 U.S.C. § 1956(h) is found in § 2S1.1 of the Guidelines Manual. Pursuant to § 2S1.1(a)(1), the base offense level is determined by applying the offense level for the underlying offense from which the laundered funds were derived. The offense level for the underlying offense (health care fraud and wire fraud) is found at § 2B1.1 of the Guidelines Manual. Pursuant to § 2B1.1(a)(1), because the defendant was convicted of an offense referenced to in this guideline and that offense of conviction has a statutory maximum term of imprisonment of 20 years or more, the base offense level is seven. The defendant is accountable for a loss of $57,222,147. Because the loss was more than $25,000,000, but not more than $65,000,000 the offense level is increased 22-levels, § 2B1.1(b)(1)(L). Because the defendant was convicted of a Federal health care offense involving a Government health care program; and the loss under section (b)(1) to the Government health care program was more than $20,000,000, four levels are added, pursuant to § 2B1.1(b)(7)(A)(iii), for a total base offense level of 33.

    b. **18 U.S.C. § 1956 Conviction:** Because the defendant was convicted under 18 U.S.C. § 1956, two levels are added pursuant to U.S.S.G. § 2S1.1(b)(2)(B).

    c. **Role in the Offense:** The defendant's offense level should be increased by three levels pursuant to § 3B1.1(b) because the defendant was a manageror supervisor (but not an organizer) and the criminal activity involved 5 or more participants or was otherwise extensive.

    d. **Acceptance of Responsibility:** Because the defendant has demonstrated acceptance of responsibility for the offense, the offense level should be reduced by two levels pursuant to U.S.S.G. § 3E1.1(a).

    Pursuant to U.S.S.G. § 3E1.1(b), the government agrees to move for an additional one-level reduction for timely notifying the government of the defendant's intention to plead guilty.

    e. **TOTAL OFFENSE LEVEL: 35**

5. The defendant acknowledges and understands that additional or different enhancements or provisions of the Sentencing Guidelines might be applicable, and that neither the Court nor Probation are bound by the parties' joint recommendations as to the Sentencing Guidelines range for the defendant.

3

INITIALS 

6.  The United States reserves the right to inform the Court and Probation of all facts pertinent to the sentencing process, including all relevant information concerning the offenses committed, whether charged or not, as well as concerning the defendant and the defendant's background. Subject only to the express terms of this agreement, the United States further reserves the right to make any recommendation as to the quality and quantity of punishment.

7.  The defendant knowingly agrees to immediately and voluntarily forfeit to the United States of America, pursuant to Title 18, United States Code, Section 982(a)(1), all property, real or personal involved in a violation of 18 U.S.C. § 1956, and any property traceable to such property. The Defendant agrees that $44,351,817 is the total value of the property involved in the money laundering conspiracy for which he was convicted.

8.  The defendant agrees to the entry of a forfeiture money judgment in the amount of $44,351,817 ("Forfeiture Money Judgment"). The defendant agrees that the United States may seek substitute assets within the meaning of 21 U.S.C. § 853, including but not limited to the following substitute assets forfeited in partial satisfaction of the forfeiture money judgment:

    a.  The defendant's right, title, and interest to real property located at 10024 Southwest 94th Court, Miami, Florida 33176; and

    b.  The defendant's right, title, and interest to real property located at 18051 Biscayne Boulevard, Unit 301-1, Aventura, Florida 33160.

9.  The defendant knowingly and voluntarily agrees that he shall not, in any

INITIALS 

4

manner, act in opposition to the United States seeking entry of, and satisfying, the Forfeiture Money Judgment. The defendant also agrees to assist this Office in all proceedings, administrative or judicial, in satisfying the Forfeiture Money Judgment. The assistance shall include: identification of property available to satisfy the Forfeiture Money Judgment, and the transfer of such property to the United States by delivery to this Office upon this Office's request, any necessary and appropriate documentation, including consents to forfeiture and quit claim deeds, to deliver good and marketable title to such property, as well as truthful and complete testimony in any forfeiture civil or ancillary proceeding as against third parties who may claim an interest in such assets.

10. The defendant knowingly and voluntarily waives any right he may have to an appeal of the Forfeiture Money Judgment, agrees to waive any claim or constitutional, level or equitable defense the defendant may have with respect to such order, including any claim of excessive fine or penalty under the Eighth Amendment to the United States Constitution. Additionally, the defendant waives the statute of limitations, and any notice requirements, with respect to forfeiture resulting from this case.

11. In furtherance of the satisfaction of a Forfeiture Money Judgment entered by the Court in this case, the defendant agrees to the following:

(a) submit a financial statement to this Office upon request, within 14 calendar days from the request;

(b) maintain any asset valued in excess of $10,000, and not sell, hide, waste, encumber, destroy, or otherwise devalue such asset without prior approval of the United States;

(c) provide information about any transfer of an asset valued in excess of $10,000 since the commencement of the offense conduct in this case to date;

(d) cooperate fully in the investigation and the identification of assets, including liquidating assets, meeting with representatives of the United States, and providing any documentation requested; and

(e) notify, within 30 days, the Clerk of the Court for the Southern District of Florida and this Office of: (i) any change of name, residence, or mailing address, and (ii) any material change in economic circumstances.

The defendant further understands that providing false or incomplete information about assets, concealing assets, making materially false statements or representations, or making or using false writings or documents pertaining to assets, taking any action that would impede the forfeiture of assets, or failing to cooperate fully in the investigation and identification of assets may be used as a basis for: (i) separate prosecution, including, under 18 U.S.C. § 1001; or (ii) recommendation of a denial of a reduction for acceptance of responsibility pursuant to the United States Sentencing Guidelines § 3E1.1.

12. The defendant acknowledges that because the offenses of conviction occurred after April 24, 1996, restitution is mandatory without regard to the defendant's ability to pay and that the Court must order the defendant to pay restitution for the full loss caused by his criminal conduct pursuant to Title 18, United States Code, Section 3663A. Furthermore, the defendant stipulates that he owes restitution in the amount of $44,351,817, jointly and severally with his co-conspirators.

13. The defendant is aware that Title 18, United States Code, Section 3742 affords

INITIALS _JT_

6

the defendant the right to appeal the sentence imposed in this case, and 28 U.S.C. Section 1291 affords the defendant the right to take a direct appeal of his conviction. Acknowledging this, and in exchange for the undertakings made by the United States in this Sentencing Agreement, the defendant hereby waives all rights conferred by 18 U.S.C. Section 3742 (including any forfeiture or restitution ordered, or to appeal the manner in which the sentence was imposed) and 28 U.S.C. Section 1291 (including, but not limited to, the defendant's right to appeal his conviction), unless the sentence exceeds the maximum permitted by statute or is the result of an upward departure and/or a variance from the Sentencing Guidelines range that the Court establishes at sentencing. In addition to the foregoing provisions, the defendant hereby waives all rights to argue on appeal that the statutes under which he was convicted are unconstitutional. The defendant further understands that nothing in this Sentencing Agreement shall affect the right of the United States and/or its duty to appeal as set forth in Title 18, United States Code, Section 3742(b). However, if the United States appeals the defendant's sentence pursuant to Section 3742(b), the defendant shall be released from the above waiver of appellate rights. By signing this Agreement, the defendant acknowledges that he has discussed the appeal waiver set forth in this Agreement with his attorney. The defendant further agrees, together with the United States, to request that the district Court enter a specific finding that the defendant's waiver of his right to appeal his conviction and sentence in this case was knowing and voluntary.

14. Defendant agrees that if he fails to comply with any of the provisions of this Agreement, including the failure to tender such Agreement to the Court, makes false or misleading statements before the Court or to any agents of the United States, commits any further crimes,

or attempts to appeal his conviction or sentence (subject to the exceptions expressly set forth in this Agreement), the United States will have the right to characterize such conduct as a breach of this Agreement. In the event of such a breach: (a) the United States will be free from its obligations under the Agreement and further may take whatever position it believes appropriate as to the sentence and the conditions of the defendant's release (for example, should the defendant commit any conduct after the date of this Agreement that would form the basis for an increase in the defendant's offense level or justify an upward departure—examples of which include but are not limited to, obstruction of justice, failure to appear for a court proceeding, criminal conduct while pending sentencing, and false statements to law enforcement agents, the probation officer, or Court—the Government is free under this Agreement to seek an increase in the offense level based on that post-agreement conduct); (b) the Government will move to have bond revoked and to have the defendant sentenced immediately; (c) the defendant shall be fully subject to criminal prosecution for any other crimes which he has committed or might commit, if any, including perjury and obstruction of justice; and (d) the defendant waives any protections afforded by Section 1B1.8(a) of the Sentencing Guidelines, Rule 11 of the Federal Rules of Criminal Procedure and Rule 410 of the Federal Rules of Evidence, and the Government will be free to use against the defendant, directly and indirectly, in any criminal or civil proceeding any of the information, statements, and materials provided by him to the government.

15. This is the entire agreement and understanding between the United States and the defendant. There are no other agreements, promises, representations or understandings.

MARKENZY LAPOINTE<br>
UNITED STATES ATTORNEY

INITIALS 

SOUTHERN DISTRICT OF FLORIDA

GLENN S. LEON, CHIEF
FRAUD SECTION, CRIMINAL DIVISION
U.S. DEPARTMENT OF JUSTICE

Date: 12/17/2023   By: _____

JAMIE DE BOER
D. KEITH CLOUSER
TRIAL ATTORNEYS
FRAUD SECTION, CRIMINAL DIVISION
U.S. DEPARTMENT OF JUSTICE

Date: 17 Dec 2023   By: _____

JESUS TRUJILLO
DEFENDANT

Date: 17 Dec 2023   By: _____

S. PATRICK DRAY
COUNSEL FOR JESUS TRUJILLO

DATE: 12/17/2023   *Ernesto S. Medina*
ERNESTO S. MEDINA
CO-COUNSEL FOR JESUS TRUJILLO

9

INITIALS __JT__