UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

JESUS TRUJILLO,

       Plaintiff/Movant,

v.                                      No. 21-CR-20303-DPG-1

UNITED STATES OF AMERICA,

       Defendant/Respondent.
_____/

Prisoner Number and Place of Confinement:
Prisoner No. 45622-509, Atlanta FCI, Atlanta, Georgia
(Clerk of Court please take note: Movant is represented by undersigned counsel)

## MOTION TO VACATE SENTENCE PURSUANT TO 28 U.S.C. §2255

1. **Name and location of the court which entered the judgment of conviction under attack:**

   United States District Court, Southern District of Florida, Miami, Florida; Case No. 21-CR-20303-DPG-1.

2. **Date of judgment of convictions:**

   Sentence and Judgment entered imposed on December 21, 2023.

3. **Length of sentence:**

   Mr. Trujillo was sentenced to a total imprisonment term of 168 months as to each of Counts One and Two, each such term to be served concurrently.

4. **Nature of offense involved (all counts):**

   Mr. Trujillo was charged in an Indictment with Count 1 conspiracy to commit health fraud and wire fraud, in violation of 18 U.S.C. §1349, and Count 2 conspiracy to commit money laundering, in violation of 18 U.S.C. §1956(h). The Government also alleged it was seeking forfeiture against Mr. Trujillo.

1

5. **What was movant's plea?**

   Not guilty at arraignment; guilty to both counts later.

   **If movant entered a plea of guilty to one count or indictment, and a not guilty plea to another count or indictment, give details:**

   Not applicable.

6. **Kind of Trial:**

   Not applicable.

7. **Did movant testify at a pre-trial, trial or post-trial hearing?**

   No.

8. **Movant did not appeal from his judgement of convictions.**

9. **Movant has not previously filed any motions, petitions or applications concerning this judgement of conviction in any court.**

10. **State every ground on which movant claims that he is being held in violation of the Constitution, laws, or treaties of the United States. State the facts supporting each ground.**

    **Ground One:**

    Defense trial counsel rendered constitutionally-ineffective assistance of counsel by failing to advise Trujillo that: 1) he had a meritorious defense to the conspiracy to commit health care fraud and wire fraud; and 2) he could plead guilty to conspiracy to commit money laundering but still exercise his right to a jury trial on the charge of conspiracy to commit health care fraud and wire fraud.

    **Facts in support:**

    Although Trujillo persisted throughout defense trial counsel's representation that he was not guilty of the charge of conspiracy to commit health care fraud and wire fraud (but guilty of the conspiracy to commit money laundering charge), defense trial counsel

2

nonetheless advised Trujillo, immediately before the commencement of trial proceedings, that he had to plead guilty to both charges without any agreement with the Government in order to avoid getting sentenced to a lengthy term of imprisonment.  (Trujillo followed defense counsel's advice) Based on this advice, Trujillo pled guilty to both charges. However, the factual proffer read into the record by the Assistant United States Attorney and agreed to by Trujillo was insufficient to support his guilty plea to conspiracy to commit health care fraud and wire fraud, and bolstered Trujillo's claim that he was not guilty of that charge:

> Had the case proceeded to trial, the Government would have proved beyond a reasonable doubt that the defendant, Jesus Trujillo, is guilty as to both Count 1, conspiracy to commit health care fraud and wire fraud, and Count 2, conspiracy to commit money laundering.
>
> Had the case proceeded to trial, the Government would prove that from between – in around October 2016 and in and around May 2019, Jesus Trujillo knew that hos coconspirator, Eduardo Rubal, had multiple home health companies that were billing Medicare fraudulently for services that were not being provided. Mr. Trujillo had conversations with coconspirators regarding the fraudulent nature of the billing, including coconspirators Alexey Gil, Eduardo Rubal, and Vincente Gonzalez Acosta. Mr. Trujillo recruited people, including Alexey Gil to open fake companies and bank accounts in the names of nominee owners that were established for the sole purpose of moving fraud proceeds and with the intent to conceal the sources of those proceeds.
>
> Mr. Trujillo supervised, through Alexey Gil, a group of nominee owners who converted the fraud proceeds into cash. Mr. Trujillo also received that cash and distributed it to Alexey Gil and others, including himself.

*Transcript of Plea Proceedings*, September 25, 2023, at 27-28. As illustrated above, the Government's factual proffer failed to incriminate Trujillo in the conspiracy to commit health care fraud and wire fraud.

Had Trujillo been properly advised by defense trial counsel that he had a meritorious defense to the charge of conspiracy to commit health care fraud and wire fraud and could

3

exercise his right to be tried by a jury on that charge; while still admitting his guilt to conspiracy to commit money laundering, a jury could have found Trujillo not guilty of the conspiracy to commit health care fraud and wire fraud charge. As a result, Trujillo was prejudiced because there is a reasonable probability that he would have received a lesser prison sentence than 168 months for being convicted of only the conspiracy to commit money laundering, and a forfeiture amount based on the true amount Trujillo personally profited from the crime of conviction would have been imposed, which was significantly less than $44,351,817.

Trujillo requests that 1) his conviction for conspiracy to commit health care fraud and wire fraud be vacated, 2) his sentence for both the conspiracy to commit health care fraud and wire and conspiracy to commit money laundering be vacated, and 3) a new trial be ordered for the conspiracy to commit health care fraud and wire fraud charge and/or a re-sentencing held for the conspiracy to commit money laundering charge.

**Ground Two:**

Defense trial counsel rendered constitutionally-ineffective assistance of counsel by failing to review, explain, or translate the Sentencing Agreement [DE376-1] with Trujillo before, during, or after he was told and instructed by defense trial counsel to initial each page and affix his signature on the last page, and then refused to give Trujillo a copy of that document before the sentencing hearing. Additionally, Defense counsel failed to otherwise indicate to Trujillo before the sentencing hearing how the Sentencing Agreement would affect him. In relevant part, that Sentencing Agreement set forth the applicable loss amount ($57,222,147) and the forfeiture amount ($44,351,817).

At an impromptu meeting called by defense trial counsel on Sunday, December 17, 2023 (four days before the sentencing hearing) which lasted approximately one hour, defense trial counsel told Trujillo, for the first time that the Government was asking for 14 years imprisonment (the Sentencing Agreement stated that the recommended total offense level was 35, or a range of 168-210 months). However, they misrepresented to Trujillo that signing that agreement would be the "first step" to later negotiate a lower sentence that was approximately 7-8 years. Trujillo's mother and brother also attended this meeting and were present for the statements defense trial counsel made to Trujillo.

While defense trial counsel filed a "motion for downward variance" [DE381] two days before the sentencing hearing, the motion failed to allege any cognizable legal grounds to warrant such relief.  Additionally, the night before the hearing, trial counsel reassured Trujillo that they had a strategy to get him sentenced to 9 years imprisonment.

Compounding defense trial counsel's malfeasance, the district court at the sentencing hearing held on December 21, 2023 failed to review with Trujillo whether he understood the Sentencing Agreement he had signed and its persuasive impact at the proceeding. Additionally, defense trial counsel during the sentencing hearing withdrew all factual objections (which disputed Trujillo's role in the conspiracy to commit health care fraud and wire fraud charge) and legal objections to the Presentence Investigation Report (including the appropriate loss amount) "in light of the sentencing agreement" [DE488:4] without consulting Trujillo. In those previously-filed objections, defense trial counsel had submitted that the total offense level should be 23, reflecting a guideline imprisonment range of 46-57 months [DE371:8]. However, defense trial counsel argued at the sentencing hearing for a "small variance" from the 168-210 imprisonment range without setting forth

any legally-cognizable grounds, and advocated for a sentence of 10-11 years imprisonment [DE 488:18].

As a result, Trujillo was prejudiced because there is a reasonable probability that Trujillo would have demonstrated that he was not responsible for a loss of $57,222,147 loss, but instead $7,771,884, as was co-defendant Alexey Gil, decreasing his guideline calculations by 4 levels, and that a forfeiture amount less than $44,351,817, reflecting the true amount Trujillo personally profited from the crime of conviction, would have been imposed.

Trujillo requests that his sentence be vacated and that a re-sentencing hearing be held.

11. **Is there any ground in this motion movant has not previously presented in some federal court? If so, which ground or grounds have not been presented, and state your reasons for not presenting them:**

None of the grounds raised herein have been previously presented in any federal court and all are timely raised in this motion.

12. **Does movant have any motion, petition or appeal now pending in any court as to the judgment under attack?**

No.

13. **Give the name and address, if known, of each attorney who represented movant in the following stages of the judgment attacked herein:**

**At preliminary hearing:**

Not applicable.

**At arraignment:**

Ernesto Segundo Medina, 782 NW 42 Avenue, Suite 634, Miami, Florida 33126, 305-260-0541, Email: emedina0653@yahoo.com

**At plea:**

Ernesto Segundo Medina, 782 NW 42 Avenue, Suite 634, Miami, Florida 33126, 305-260-0541, Email: emedina0653@yahoo.com; S. Patrick Dray, P.A., 11900 Biscayne Blvd. Ste 459, North Miami, FL 33181-2726, 305-379-4501, Email: pat@patdray.com

**Sentencing:**

S. Patrick Dray, P.A., 11900 Biscayne Blvd. Ste 459, North Miami, FL 33181-2726, 305-379-4501, Email: pat@patdray.com; Ernesto Segundo Medina, 782 NW 42 Avenue, Suite 634, Miami, Florida 33126, 305-260-0541, Email: emedina0653@yahoo.com

**On direct appeal and resentencing:**

Not applicable.

**On appeal from resentencing:**

Not applicable.

14. **Was movant sentenced on more than one count of an indictment or on more than one indictment, in the same court and at approximately the same time?**

    Yes.

15. **Does movant have any future sentence to serve after movant completes the sentence imposed by the judgment under attack?**

    No.

16. **Timeliness of Motion:**

    The Anti-Terrorism and Effective Death Penalty Act ("AEDPA") sets a one-year limitations period for federal prisoners to file motions to vacate under 28 U.S.C. §2255. *See* 28 U.S.C. § 2255. In this case, the general rule is that a Section 2255 motion must be filed within one year after the "date on which the judgment of conviction becomes final." 28 U.S.C. § 2255 (f)(1).

Mr. Trujillo's convictions became final on December 21, 2023. Thus, his motion to vacate under 28 U.S.C. §2255 is timely if filed on or before December 20, 2024.

WHEREFORE, for the foregoing reasons, Mr. Trujillo asks this Court to direct the Government to file an Answer and then, after an evidentiary hearing, grant the relief requested above, and any other relief to which he may be entitled.

Respectfully submitted,

*/s/ Ricardo R. Corona*
Ricardo R. Corona, Esq.
Florida Bar No. 111333
Corona Law Firm P.A.
6800 SW 38th Street
Miami, Florida 33155
Office: 305-547-1234
rcorona@coronapa.com
Attorney for Movant
Jesus Trujillo

## OATH

I declare under penalty of perjury that the foregoing is true and correct. Executed on December 13, 2024.

*/s/ Ricardo R. Corona*
Ricardo R. Corona, Esq.
Attorney for Movant Jesus Trujillo (who is incarcerated at FCI Atlanta, Atlanta, Georgia, and unable to sign this motion, but has authorized attorney Ricardo Corona to sign this document under penalty of perjury on his behalf)

## CERTIFICATE OF SERVICE

I hereby certify that on this 13th day of December 2024, I electronically filed the foregoing Motion with the Clerk of Court using the CM/ECF system.

/s/ Ricardo R. Corona
Ricardo R. Corona, Esq.